980 F.2d 721
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Danny M. KELLY, Plaintiff, Appellant,
v.
William F. WELD, Defendant, Appellee.
 No. 92-1967.
 United States Court of Appeals,
First Circuit.
 December 11, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Danny M. Kelly on brief pro se.
 Scott Harshbarger, Attorney General, and Eleanor Coe Sinnott, Assistant Attorney General, on Memorandum in Support of Motion for Summary Disposition, for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Danny M. Kelly appeals from a district court order dismissing his complaint. Appellant filed his complaint in July, 1991 against Governor William F. Weld, "in his role as governor of the Commonwealth of Massachusetts." The complaint alleged that appellant was denied his constitutional rights in violation of 42 U.S.C. § 1983 by the failure of a Massachusetts inspection station to grant him an inspection sticker for his 1970 Oldsmobile. More specifically, he claimed that he had been denied his rights of free expression, enjoyment of his property, equal protection and due process. Appellant sought injunctive, declaratory and compensatory relief and costs.
 
 
 2
 Appellee moved to dismiss. The district court referred the motion to a United States Magistrate who issued two reports recommending that appellant's claims for compensatory relief be dismissed as barred by the Eleventh Amendment and that the remainder of the complaint be dismissed for failure to state a claim. Appellant filed objections to both reports. The district court, in an opinion dated August 5, 1992 dismissed appellant's complaint for the same reasons expressed in the magistrate's reports and denied appellant's motion for injunctive relief to allow appellant to operate his car without a current inspection sticker. For the reasons set forth in the district court opinion, we affirm. We add only the following comments.
 
 
 3
 Appellant, in his brief, describes his case as follows:
 
 
 4
 [t]he case is based upon the Commonwealth's refusal to provide a Certificate of Inspection for Appellant's 1970 Oldsmobile during its yearly required auto inspection even though the car meets all specifications required under state and Federal law to be granted a Certificate of Inspection.
 
 
 5
 Appellant admits later in his brief, however, that after he filed his complaint in this case he obtained a certificate of inspection for his car from another inspection station. Therefore, appellant's request for injunctive relief is moot.
 
 
 6
 Moreover, the fact that appellant was able to obtain a certificate of inspection belies his claims that the Commonwealth has denied him any rights whatsoever, much less any federal rights. The essence of his complaint is that a specific inspection station erred in denying his car a certificate of inspection when it allegedly met all of the inspection requirements. Appellant complains in his brief that the district court failed to resolve the "main point" of whether or not the initial inspection station erroneously denied his car an inspection certificate. That question, however, is not one over which the federal courts have jurisdiction.
 
 
 7
 Finally, appellant's claims of judicial bias and judicial error in the denial of his request for a jury trial are entirely without basis in the law. The alleged source of judicial bias, appellant's pro se status, is not extra-judicial. Therefore, recusal is required only if the source of bias and alleged indications of bias-ignoring appellant's allegations that his car met all inspection requirements-"would create a reasonable doubt concerning the judge's impartiality." United States v. Lopez, 944 F.2d 33, 37 (1st Cir. 1991). The judge focused on the appropriate issues in dismissing this case and his actions do not provide any basis for recusal. Even if there had been a showing of judicial bias, the requested remedy-replacing the judge with a jury-would not have been appropriate. Whether or not to grant a motion to dismiss is a legal rather than a factual question. Therefore, only if a case survives a motion to dismiss can it be heard by a jury. The district court judgment is affirmed.